**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

10 MAY 19 PM 3:58
SOUTHERN DISTRICT OF INDIANA
LAURA A. BRIGGS
CLERK

Michael Linder, individually and on behalf of all others similarly situated,

Plaintiff,

v.

Mercantile Adjustment Bureau, LLC, a New York limited liability company,

Defendant.

No. 1:10-cv-0622 LJM-JMS

Jury Demanded

**COMPLAINT -- CLASS ACTION**

Plaintiff, Michael Linder, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's form debt collection letter violates the FDCPA, and to recover damages for this violation, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: 1) the acts and transactions occurred here; 2) Plaintiff resides here; and, 3) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Michael Linder ("Linder"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect delinquent consumer debt allegedly owed for a credit card.

4. Defendant, Mercantile Adjustment Bureau, LLC ("Mercantile"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Mercantile was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Linder.

5. Defendant Mercantile is licensed to conduct business in Indiana, maintains a registered agent in Indiana and, in fact, conducts business throughout the State of Indiana.

## FACTUAL ALLEGATIONS

6. Defendant Mercantile sent Mr. Linder an initial form collection letter, dated January 12, 2010, demanding payment of a delinquent consumer debt he owed for a credit card, which account was then apparently owed to one of two bad debt buyers – either Resurgent Capital Services or LVNV Funding. A copy of this letter is attached as Exhibit A.

7. Specifically, the letter stated that the "CURRENT CREDITOR" was "LVNV FUNDING LLC", but then stated that "Resurgent Capital Services has purchased the above account from the above referenced Previous Creditor." However, no previous creditor was listed. Then the letter went on to state: "Resurgent Capital Services placed your account for collection", and that "Resurgent Capital Services has advised us that interest will continue to accrue on your account…".

8. The letter failed to explain what, if any, relationship there was between Resurgent and LVNV, or how Resurgent was the purchaser of the account if LVNV was the current owner.

9. All of Defendant Mercantile's collection actions at issue in this matter occurred within one year of the date of this Complaint.

10. The language Defendant Mercantile used in its form collection letter to Mr. Linder is to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g(a)(2)**
**Failure To Effectively Identify The Creditor**

11. Plaintiff adopts and realleges ¶¶ 1-10.

12. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, Mercantile must provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

13. Defendant Mercantile's form collection letter leaves anyone, let alone the unsophisticated consumer, with no idea as to who the creditor actually is – LVNV or Resurgent. Accordingly, Defendant Mercantile's January 12, 2010 letter (Exhibit A) fails to advise Mr. Linder effectively of the name of current creditor, in violation of § 1692g(a)(2) of the FDCPA.

14. Defendant Mercantile's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e Of The FDCPA -**
**Making False Statements**

15. Plaintiff adopts and realleges ¶¶ 1-10.

16. Section 1692e of the FDCPA prohibits Defendant Mercantile from making any false, deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

17. Defendant Mercantile's form collection letter references to two different entities as the possible creditor -- without any explanation of the relationship between them. Defendant's listing of two different possible creditors is a false, deceptive or misleading statement, in violation of § 1692e of the FDCPA.

18. Defendant Mercantile's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

19. Plaintiff, Michael Linder, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant Mercantile attempted to collect a delinquent consumer debt, via the same form collection letter (Exhibit A), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present, as to which the letter referred to Resurgent Capital Services as the purchaser and LVNV Funding as the current creditor. This action seeks a declaration that Defendant Mercantile's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

20. Defendant Mercantile regularly engages in debt collection, using the same form collection letter it sent Plaintiff Linder, in its attempts to collect delinquent consumer debts from other consumers.

21. The Class consists of more than 35 persons from whom Defendant Mercantile attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Linder.

22. Plaintiff Linder's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

23. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

24. Plaintiff Linder will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant Mercantile's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Linder has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**PRAYER FOR RELIEF**

Plaintiff, Michael Linder, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Linder as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant Mercantile's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff and the Class, and against Defendant Mercantile, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Michael Linder, individually and on behalf of all others similarly situated, demands trial by jury.

Michael Linder, individually and on behalf of all others similarly situated,

By: ________________
One of Plaintiff's Attorneys

Dated: May 19, 2010

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert (Ind. Bar No.14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com